10-472-ag
Lin v. Holder

BIA
Mulligan, IJ
A098 561 750

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10ᵗʰ day of February, two thousand eleven.

PRESENT:

> RALPH K. WINTER,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> > *Circuit Judges.*

_____

ZUOLU LIN,
> *Petitioner,*

> v.                                        10-472-ag
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:  Jed S. Wasserman, New York, New York.

FOR RESPONDENT:  Tony West, Assistant Attorney General; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Pegah Vakili, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Zuolu Lin, a native and citizen of the People's Republic of China, seeks review of a January 14, 2010, order of the BIA, affirming the March 25, 2008, decision of Immigration Judge ("IJ") Thomas J. Mulligan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zuolu Lin*, No. A098 561 750 (B.I.A. Jan. 14, 2010), *aff'g* No. A098 561 750 (Immig. Ct. N.Y. City Mar. 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision, as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the IJ's adverse credibility determination.[1] As the IJ found: (1) although

---

[1] Because Lin filed his asylum application before May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 do not apply to his asylum application. *See* Pub. L. No. 109-13,

2

Lin stated in his 2007 affidavit that village cadres beat him, he omitted that detail from his original and revised asylum applications; (2) although Lin testified that he was hit with a baton and detained for over two hours, he omitted those details from his original and revised asylum applications and from his 2007 affidavit; and (3) the affidavit from Lin's wife omitted any details relating to his alleged beating, detention, or medical treatment. Although minor and isolated discrepancies may be insufficient to support an adverse credibility finding, *see Diallo v. INS,* 232 F.3d 279, 285–86 (2d Cir. 2000), the multiple discrepancies here were not isolated, and related to events at the heart of Lin's claim—that he suffered past persecution and had a well-founded fear of persecution based on his resistance to the family planning policy.

Furthermore, as the record supports the IJ's findings that Lin provided conflicting statements, the IJ was not required to credit Lin's explanation that the details of his beating and detention merely supplemented, rather than contradicted, his asylum application. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would

§ 101(h)(2), 119 Stat. 231, 305 (2005).

compel a reasonable fact-finder to do so); *see also Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir. 2004) (holding that the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements . . . about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters" (internal quotation marks omitted)), overruled in part on other grounds by *Shi Liang Lin v. U.S. Dep't. of Justice*, 494 F.3d 296, 305 (2d Cir. 2007) (en banc). Accordingly, the IJ reasonably relied on the cumulative effect of the inconsistencies among Lin's testimony, asylum applications, and background materials to render an adverse credibility determination. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (emphasizing that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder") (citation and internal quotation marks omitted)); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166-67 n.3 (2d Cir. 2008) (noting that inconsistencies and omissions are "functionally equivalent").

Moreover, because the IJ did not find Lin's testimony credible, the BIA properly noted the absence of documentary

4

evidence which could have corroborated his claim that he suffered harm because he resisted the family planning policy. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006). As the BIA noted, Lin's wife's affidavit, his doctor's letters, and his medical records did not provide any details relating to his alleged abuse or detention, one of the doctor's letters was inconsistent with Lin's testimony, and the medical records failed to give sufficient detail indicating that Lin was harmed based on his "other resistance" to the family planning policy. Because the record supports the IJ's adverse credibility determination, the BIA did not err in relying on Lin's failure to corroborate his "other resistance" claim to support the adverse credibility determination. *See id.*

Because substantial evidence supports the agency's adverse credibility determination, *see Zhou Yun Zhang*, 386 F.3d at 74, and the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk